# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

DOUGLAS SIMON,                    )
                                 )
Plaintiff,                       )
                                 )
    vs.                          )          NO. 1:10-CV-228
                                 )
PAMELA THORNTON, *et al.*,       )
                                 )
Defendants.                      )

### OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the Court allows the Plaintiff to proceed against Defendants Ken Fries, Dr. Horstmeyer, and Pamela Thornton on his Eighth and Fourteenth Amendment claim that they were deliberately indifferent to his serious medical needs, and **DISMISSES**, pursuant to section 1915A, all other claims and Defendants.


BACKGROUND

Plaintiff, Douglas Simon ("Simon"), filed his original complaint pursuant to 42 U.S.C. section 1983 while he was a prisoner confined at the Allen County Jail, naming Jail Commander Hart, Jail Doctor Horstmeyer, and Nurse Pamela Thornton as defendants. He has since been released from custody. (DE 14 ¶ 1). Counsel has appeared for Simon and filed an amended complaint alleging that Allen County Sheriff Kenneth Fries, Dr. Horstmeyer, and Nurse Thornton violated rights protected by the Constitution's Eighth and Fourteenth Amendments.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Simon brings this action under 42 U.S.C. section 1983, which

provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his amended complaint, Simon alleges that on or about February 16, 2010, he was extradited to Allen County from Cook County, Illinois, and was housed at Allen County Jail until his release from custody. Simon states that he suffers from serious medical needs, and that "[u]pon his arrival at the Allen County Jail, Plaintiff informed Pamela Thornton and Dr. Horstmeyer of his serious medical needs, which included diabetes and hypoglycemia, high blood pressure, hernia, and anxiety attacks." (DE 11-1 ¶ 3). Initially, jail officials scheduled Simon to have his blood sugar levels and blood pressure checked daily, but beginning in April 2010, "Nurse Thornton discontinued the Plaintiff's daily checks on his blood sugar levels and blood pressure without the Plaintiff's

consent." (DE 11-1 ¶ 4).[1] Jail officials advised Simon that they stopped doing tests because he "lacked the funds in his prisoner account to pay for the tests." (DE 11-1 ¶ 4).

On July 7, 2010, Simon states that he experienced a sudden, "significant drop in his blood sugar level and collapsed. When he fell, he landed face first over the toilet bowel." (DE 11-1 ¶ 5). As a result, Simon suffered lacerations on his face and a burst blood vessel in his right eye (DE 11-1 ¶ 7), as well as "pain, inconvenience, mental anguish, emotional distress, and other damages and injuries." (*Id.*).

Simon alleges that Sheriff Fries has established a policy, practice, custom, or procedure that prisoners with serious medical needs will not receive medical care where they lack the funds to pay for care. He asserts that the defendants' actions amounted to an "intentional, knowing, willful, wanton and [] reckless disregard of the Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983." (DE 11-1 ¶ 8).

To the extent Simon intends to base his complaint on a direct violation of section 1983, as suggested in paragraph 8, he states no claim upon which relief can be granted because "*that section is not itself a source of substantive rights*, but a method for vindicating federal rights elsewhere conferred by those parts of

---

[1] The amended complaint contains two paragraph fours, one preceding paragraph three, and one following paragraph three. The references to paragraph four in this memorandum all refer to the second paragraph four.

the United States Constitution and federal statutes that it
describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)
(emphasis added). "Notwithstanding its broad language section 1983
does not create substantive rights; rather it merely provides a
remedy for deprivations of rights established elsewhere in the
Constitution or federal laws." *Estate of Smith v. Marasco*, 318
F.3d 497, 506 (3rd. Cir. 2003).

Simon alleges that the Defendants' actions violated rights
protected by the Eighth and Fourteenth Amendments. In addressing a
claim brought under section 1983, analysis begins by identifying
the specific constitutional right allegedly infringed by a
defendant's actions. *Graham v. Connor*, 490 U.S. 386, 394 (1989).
The Eighth Amendment protects convicted prisoners from cruel and
unusual punishments while rights of pretrial detainees derive from
the Fourteenth Amendment's Due Process Clause. *Guzman v. Sheahan*,
495 F.3d 852, 856 (7th Cir. 2007) (citing *Bell v. Wolfish*, 441 U.S.
520, 535 n.16 1979)).

In his original complaint, Simon states that he was at the
jail while confined awaiting trial and also after conviction while
serving a sentence. (DE 1 at 1). The standards for the Eighth and
Fourteenth Amendments are the same, and "[a]n act or practice that
violates the eighth amendment also violates the due process rights
of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th
Cir. 1988), *cert. denied*, 488 U.S. 863 (1988).

A violation of the Eighth Amendment's cruel and unusual

punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious

risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Taking the allegations of the Amended Complaint as true, Simon has established that he had serious medical needs while he was at the Allen County Jail, and refusing to monitor or treat an inmate's serious medical condition because he is indigent states a claim of deliberate indifference upon which relief can be granted. Accordingly, giving Simon the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a valid deliberate indifference claim.

The original complaint named Jail Commander Hart as a defendant along with Dr. Horstmeyer and Nurse Thornton. The Amended Complaint substitutes Sheriff Fries for Mr. Hart. Accordingly, the court will dismiss Defendant Hart without prejudice.

In addition to the named defendants, Simon lists Jane/John

Does as defendants. But the Plaintiff may not pursue claims against Doe defendants until he has identified them and "[i]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Accordingly, the court will dismiss the Doe defendants without prejudice. If Simon is able to identify these persons, he may amend his current complaint to add them as defendants.

CONCLUSION

For the foregoing reasons, this Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendant Ken Fries in his official capacity and against Defendants Pamela Thornton and Dr. Horstmeyer in their individual capacities for damages on his Eighth and Fourteenth Amendment claim that they were deliberately indifferent to his serious medical needs;

(2) **DISMISSES**, pursuant to 28 U.S.C. section 1915A, all other claims and **DISMISSES** Defendant Hart and the Jane and John Doe Defendants without prejudice;

(3) Pursuant to 42 U.S.C. section 1997e(g)(2), **ORDERS** that the Defendants respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process

on the Defendants on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on them along with the summons and amended complaint.

**DATED: November 29, 2010**          **/S/RUDY LOZANO, Judge**
                                      **United States District Court**